Dennis McANDREW; Angela McAndrew; and Dennis McAndrew on Behalf of Jennifer McAndrew, Brandon McAndrew and McKenzie McAndrew, Appellants,

v.

Rick CADWALLADER, Chuck Pierson, Melvin L. McNeal, Thomas Snyder and Charles Peterson, Appellees.

No. 88–1877.

Court of Appeals of Iowa.

Dec. 21, 1989.

J.E. Tobey III, Davenport, for appellants.

Thomas N. Kamp and Carole J. Anderson of Lane & Waterman, Davenport, for appellees.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Plaintiff, Dennis McAndrew, developed asthma as a result of fumes he inhaled in the course of his employment as a painter at a John Deere plant in Davenport. He subsequently brought this suit against seven fellow employees at the John Deere plant alleging gross negligence under Iowa Code section 85.20(2). The case proceeded to trial before a jury, but, after the close of plaintiffs' evidence, the district court directed a verdict in favor of all defendants. The plaintiffs have appealed from the judgment in favor of three defendants, Rick Cadwallader, Chuck Pierson, and Melvin McNeal. We affirm.

McAndrew began his employment with John Deere in 1973. In November of 1981, he bid and received a position of an "L-7" painter in Department 789. The L-7 position involved doing touch-up painting on equipment assembled at the plant. Spray painting was not one of the duties entailed in the L-7 position. L-7 painters in Department 789 were not issued respirators or coveralls unless requested. McAndrew never requested a respirator.

A painting booth was located across the aisle from Department 789 in Department 793. L-5 painters assigned to the department painting booth were provided coveralls and required to wear respirators. Approximately twice daily, McAndrew entered the painting booth in order to obtain paint. Defendant Pierson allegedly informed McAndrew that since the painting booth was state of the art, respirators were not needed in it.

McAndrew testified that on one occasion defendant McNeal, another of McAndrew's immediate supervisors, took him into the paint booth and required him to spray paint some lug nuts on a piece of equipment. McAndrew also testified that Pierson ordered him to spray paint the pedals of a machine using a can of spray paint. Further testimony was produced that touch-up painting using spray cans by L-7 painters was widespread in spite of the fact that L-7 painters were not supposed to do spray painting.

McNeal testified that as of late March or early April 1982 he became aware that because of safety reasons spray cans should not be used on the floor of the plant. He, however, denied ordering McAndrew to spray paint anything. McNeal and Pierson had no formal training concerning the safety hazards associated with painting.

Defendant Cadwallader was the division supervisor at the plant from March 1982 until December 1982. He testified that he walked the aisle adjacent to Department 789 each day while going to and from work and that he was aware of the increased danger associated with the use of Imron paint. Cadwallader, however, stated that he was unaware of the practice of L-7 painters using cans of spray paint to do touch-up work on the factory floor.

In late December of 1982, McAndrew became ill with respiratory problems. He was subsequently diagnosed as being asthmatic. Dr. Kaplan opined that McAndrew's asthma resulted from prolonged exposure to isocyanates in the workplace. Isocyanates were contained in the hardening agent of the Imron paint.

In deciding whether to grant a motion for directed verdict, the district court is required to first ascertain whether the plaintiff has presented substantial evidence on each element of the claim. *See Kurth v. Van Horn,* 380 N.W.2d 693, 695 (Iowa 1986). A directed verdict is appropriate if the evidence is not substantial. *Id.* Pursuant to this standard, if reasonable minds could differ on the determination of an issue, the district court is required to submit the issue to the jury. *Id.* When reviewing a motion for directed verdict, we consider the evidence in the light most favorable to the party against whom the motion is directed. *Id.*

Iowa Code section 85.20(2) allows employees injured on the job to recover against coemployees for "gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another." The Iowa Supreme Court has approved the following definition of wanton conduct:

"[W]anton" conduct lies somewhere between the mere unreasonable risk of harm in ordinary negligence and intent to harm. . . .

"The usual meaning assigned to 'willful,' 'wanton' or 'reckless,' according to taste as to the word used, is that the actor has intentionally done an act of an unreasonable character in disregard of a risk known to or so obvious that he must be taken to have been aware of it, and so great as to make it highly *probable* that harm would follow."

*Thompson v. Bohlken*, 312 N.W.2d 501, 504–05 (Iowa 1981) (quoting W. Prosser, Handbook of the Law of Torts † 34, at 183–84 (4th ed. 1971)). The court went on to note that the following three elements must be established in order to prove gross negligence under section 85.20(2): "(1) knowledge of the peril to be apprehended; (2) knowledge that injury is a probable, as opposed to a possible, result of the danger, and (3) a conscious failure to avoid the peril." *Id.* at 505.

Upon our review of the record in this case, we conclude that the plaintiffs failed to produce substantial evidence that the defendants had knowledge that injury was a probable result of the danger of exposure to spray paint at the factory. We find several facts to be significant in our determination. First, no evidence was produced at trial showing that other Deere workers at the Davenport plant had developed asthma as a result of their exposure to spray paint at the plant. As a result, the defendants were not placed on notice that injury was a probable result from McAndrew's exposure to spray paint at the factory. *See Swanson v. McGraw*, 447 N.W.2d 541, 544 (Iowa 1989). Second, the defendants' actions, particularly those of Pierson and McNeal, affirmatively demonstrate that they did not consider exposure to spray paint in the factory to be overtly dangerous. Pierson and McNeal both entered the spray painting booth without respirators on more than one occasion. We deem such evidence to be probative of defendants' lack of knowledge that injury was the probable, as opposed to possible, result from exposure to spray paint in the

factory. Third, no evidence was produced at trial that McAndrew's exposure level exceeded safety standards, nor were the defendants placed on notice by safety inspections that the exposure level in the plant was such that injury was a probable result. *See Swanson*, 447 N.W.2d at 544.

Therefore, we find no error in the trial court's decision to direct judgment in favor of the defendants in this matter due to plaintiffs' failure to produce substantial evidence on the second element of gross negligence.

AFFIRMED.